**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0759-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALEXIS DEJESUS, a/k/a
ALEXIS DEJESUS-REYES,
ALEXIS RODRIGUEZ, "FRIJOL,"

    Defendant-Appellant.

_____

        Submitted April 5, 2017 — Decided June 7, 2017

        Before Judges Alvarez and Lisa.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No. 99-
        01-0102.

        Alexis DeJesus, appellant pro se.

        Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney for respondent (Maria I.
        Guerrero, Special Deputy Attorney
        General/Acting Assistant Prosecutor, of
        counsel and on the brief.

PER CURIAM

Defendant appeals from the September 8, 2015 order denying his motion to correct an illegal sentence. For the reasons that follow, we affirm.

After being convicted by a jury for multiple crimes committed on July 25, 1998, defendant was sentenced to an aggregate term of sixty-four years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. More specifically, the base terms imposed were forty-years for first-degree felony murder, and eight-years each for three counts of second-degree aggravated assault, with all terms ordered to be served consecutively.

Defendant filed a direct appeal, and we issued our decision on February 17, 2004, State v. DeJesus, No. A-5736-00 (App. Div. February 17, 2004), certif. denied, 180 N.J. 452 (2004). We affirmed defendant's convictions and addressed the sentencing arguments he made. In doing so, we reversed the NERA component of the felony murder sentence because it was not authorized under the version of NERA in effect at the time of defendant's crime or sentence. On remand with respect to that issue, the trial court left in place the forty-year base term originally imposed, and replaced the eighty-five percent NERA parole disqualifier with a thirty-year parole disqualifier. At the time of defendant's crime and sentence, and to the present time, thirty years is the minimum allowable parole disqualifier for murder. N.J.S.A. 2C:11-3b(1).

Defendant subsequently filed a petition for post-conviction relief, asserting ineffective assistance of counsel. The petition was denied by the trial court. We affirmed in our opinion of March 9, 2009. State v. DeJesus, No. A-5322-06 (App. Div. March 9, 2009), certif. denied, 199 N.J. 516 (2009).

Six years later, on August 26, 2015, defendant filed a pro se motion to correct an illegal sentence. Specifically, his motion challenged as illegal two aspects of the sentence imposed on the three second-degree aggravated assault counts: (1) that the NERA component imposed on those sentences was illegal, and (2) that requiring those sentences to be served consecutively rather than concurrently was also illegal.

The trial court denied the motion by order of September 8, 2015, accompanied by a written statement of reasons. The judge noted that defendant had raised both of those issues on direct appeal and they were both rejected by this court in our February 17, 2004 decision. The judge therefore concluded that defendant was barred from re-litigating them more than a decade after they had been resolved on appeal.

In the present appeal, defendant presents these arguments:

> POINT I: THE TRIAL COURT VIOLATED THE EX POST FACTO CLAUSE BY ILLEGALLY IMPOSING THE NO EARLY RELEASE ACT TO COUNTS 2, 3, AND 4 (Second-Degree Aggravated Assault Charges) AS THE DEFENDANT WAS SENTENCED PRIOR TO THE 2001

AMENDMENTS TO NERA, THEREFORE, DEFENDANT'S SENTENCE AS TO THOSE COUNTS ARE ILLEGAL AND MUST BE CORRECTED. (U.S. Const., Art. I, 10, cl. 1; N.J. Const. (1947), Art. IV, sec. VII, cl. 3) (Partially Raised Below).

POINT II:     DEFENDANT WAS ENTITLED TO THE PRESUMPTIVE    TERMS    FOR    SECOND-DEGREE AGGRAVATED ASSAULT COUNTS.  (Raised Below).

POINT III:  THE 40-YEAR SENTENCE IMPOSED ON COUNT  SEVEN  (Felony  Murder)  IS  ABOVE  THE MINIMUM   30-YEAR   SENTENCE   AUTHORIZED   BY N.J.S.A.  2C:11-3b(1),  THEREFORE  MUST  BE CORRECTED.  (Not Raised Below).

These arguments lack sufficient merit to warrant discussion in a written opinion.  See R. 2:11-3(e)(2).  We provide these brief comments.

The argument raised in Point I, that NERA should not have been applied to the three aggravated assault counts, was raised on direct appeal, and we rejected it.  See DeJesus, supra, No. A-5736-00 (slip op. at 26).  We explained in detail the reasons for rejecting this argument and there is no basis upon which to revisit it now.

Likewise, although not referenced in the Point I heading, in the body of his argument defendant argues that he should have been given concurrent rather than consecutive sentences on the three aggravated assault counts.  In our prior opinion on direct appeal, we also considered and rejected that argument, explaining our reasons in detail.  DeJesus, supra, No. A-5736-00 (slip op. at 27-

4

30). There is no basis upon which we should now address this matter, which we adjudicated more than a decade ago.

In Points II and III, defendant argues that the base terms imposed were excessive. He did not raise these arguments on direct appeal or in his post-conviction relief proceeding. Further, these issues were not raised in the motion which is the subject of this appeal, and accordingly are not cognizable on appeal. State v. Robinson, 200 N.J. 1, 20-22 (2009). Finally, the arguments are lacking in substantive merit. The sentencing judge articulated, with adequate support in the record, the applicability of two aggravating factors and the non-applicability of any mitigating factors. The preponderance of aggravating factors justified the base terms imposed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0759-15T2